# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON M. SORIANO, | CASE NO. 1:09-cv-00985-YNP GSA (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| L. NARANJO, et al., | (Doc. 1) |
| Defendants. | |

## Screening Order

### I.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant o 28 U.S. S. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Plaintiff's Claims**

The events at issue in this action occurred at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, where Plaintiff is currently housed. Plaintiff names the following individual defendants: Correctional Officer (C/O) L. Naranjo; Sergeant K.A. Dicks; Correctional Counselor (CCI) Jones; CCI Cano; CCI Hicinbotham; Librarian Neri; S. Wortman, Vice Principal of Education. Plaintiff sets forth claims of retaliation, interference with the appeals process and access to the courts.

**A.     Retaliation**

Plaintiff alleges that on July 18, 2008, Defendant Naranjo deprived Plaintiff of his evening meal in retaliation for Plaintiff's filing of an inmate grievance, "concerning staff practices in 4B3R building." Naranjo also referred to Plaintiff using an ethnic slur. Defendant Dicks was aware of Naranjo's conduct, and "has supported it." Defendants Dick and Naranjo allegedly provided Plaintiff with a meal that violated his Rastafarian religious beliefs.

In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 532 (9th Cir. 1985); see also <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

1  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance
2  a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An
3  allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is
4  sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

5  Although Plaintiff does not specifically allege a chilling effect, the Ninth Circuit has
6  suggested that alleging harm is sufficient "since harm that is more than minimal will almost always
7  have a chilling effect." Rhodes v. Robinson, 408 F.3d 559, 568 n.11 (9th Cir. 2005). Here,
8  however, Plaintiff alleges, at most, minimal harm. Plaintiff was deprived of a single evening meal,
9  and deprived of a meal that comported with his religious beliefs. Plaintiff has not alleged facts
10 indicating that he was authorized to receive a particular religious diet, nor has he alleged facts
11 indicating that he was deprived of such a diet to the extent that he suffered more than minimal harm.

**B.  Inmate Grievance**

Plaintiff alleges that Defendants Jones and Hicinbotom have "abridge as obstructed petitioners right to seek redress as exhaustion administrative remedies, on several inmate appeals."

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

**C.  Access to Courts**

Plaintiff alleges that Defendants Neri and Wortman have denied him access to the courts by failing to provide Plaintiff with the "required number of copies required by the court." Plaintiff does not refer to what he is filing, and in what court.

Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S.

1  343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279
2  (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v.
3  Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per
4  curiam).  To establish a violation of the right of access to the courts, a prisoner must establish that
5  he or she has suffered an actual injury, a jurisdictional requirement that flows from the standing
6  doctrine and may not be waived.  See Lewis, 518 U.S. at 349.  An "actual injury" is "'actual
7  prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing
8  deadline or to present a claim.'"  Id. at 348.  Plaintiff has not alleged any facts that satisfy the actual
9  injury standard as defined above.

**III.   Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 18, 2010**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE