UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LEON M. SORIANO, | CASE NO. 1:09-cv-985-MJS (PC) |
|---|---|
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| L. NARANJO, et al., | (ECF No. 10) |
| Defendants. | CLERK SHALL CLOSE THE CASE |

Plaintiff Leon M. Soriano ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

This action was initiated on June 5, 2009. (Compl., ECF No. 1.) The Court screened Plaintiff's Complaint, and dismissed it with leave to amend. (Order, ECF No. 6.) Plaintiff filed an Amended Complaint on April 22, 2010. (Am. Compl., ECF No. 10.) Plaintiff's Amended Complaint is now before the Court for screening.

I.   **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court

determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. PLAINTIFF'S COMPLAINT

Plaintiff is a prisoner currently housed at California State Prison at Corcoran. Plaintiff claims violation of his First, Eighth, and Fourteenth Amendment rights by the following Defendants: 1) L. Naranjo, Correctional Officer, 2) K.A. Dicks, Correction Sergeant, 3) J. Jones, Correctional Counselor, 4) L. Cano, Correctional Counselor, and 5) D. Hicinbontom, Correctional Counselor.

Plaintiff alleges as follows:

Plaintiff filed several inmate appeals in May and June of 2008. In July 2008, Defendant Naranjo informed Plaintiff of his dislike of Plaintiff's appeal and started threatening Plaintiff with acts of retaliation if he did not withdraw the appeal. Inmate Gary overheard the exchange. Gary told Defendant Naranjo that he should retaliate against Gary because it was a group appeal, and Gary wrote the appeal for the group. Defendant Naranjo then started threatening Gary with retaliation. Defendant Naranjo told Gary to file a complaint in response. Gary told Defendant Naranjo to see Defendant Dicks, a correction sergeant. Defendant Naranjo said Defendant Dicks would not do anything because she was the one who had originally informed him about the appeal.

1  On July 18, 2008, as a result of the incident described above, Defendant Naranjo
2  intentionally tried to serve Plaintiff a non-vegetarian meal; Plaintiff maintains a vegetarian
3  diet based on his Rastafarian religion.  Plaintiff told Defendant Naranjo about his dietary
4  restrictions, but Defendant Naranjo told him "Nigger you don't take this tray, you won't eat."
5  Defendant Naranjo walked away with the tray of food, and Plaintiff did not have any dinner
6  that evening.  Plaintiff requested Defendant Dicks to come see him, but Defendant Dicks
7  did not do so that evening.  Defendant Dicks was aware of Defendant Naranjo's actions
8  and failed to provide Plaintiff with a meal that evening.  As a result of Defendants Naranjo
9  and Dicks' actions, Plaintiff, who has cancer, was in pain all night with stomach cramps and
10 suffered mental stress from going to bed without food.

11  Plaintiff believes that Defendant Dicks and Defendant Naranjo violated his First
12 Amendment rights and several provisions of California law because their actions did not
13 serve any penological interest and constituted cruel and unusual punishment.  Plaintiff also
14 believes that Defendant Dicks' failure to act in a supervisory capacity violated his Eighth
15 Amendment rights and denied him his right to equal protection.

16  From 2007 to 2009, Plaintiff filed several staff complaints.  Defendants Jones, Cano,
17 and Hicinbontom obstructed the process by using arbitrary and capricious practices. These
18 actions obstructed Plaintiff from seeking redress and exhaustion.  As a result, Plaintiff was
19 denied relief by a California state court in Kings County due to failure to exhaust remedies.
20 Plaintiff further believes that his right to equal protection under the Fourteenth Amendment
21 was violated because other inmates' similar appeals were processed.  Defendants' actions
22 violated Plaintiff's First Amendment right to seek redress and exhaustion.  Plaintiff further
23 alleges that Defendants Jones, Cano, and Hicinbontom violated Plaintiff's Fourteenth
24 Amendment right to equal protection of the law.

25  Plaintiff asks for a permanent injunction that would prohibit and require that
26 Defendants and their agents and employees cease harassing, retaliating, and committing
27 reprisals against him.  Plaintiff requests $70,000 and punitive damages of $50,000 from
28 each Defendant.  Plaintiff also asks for court costs and attorneys' fees.

## III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### A. Equal Protection

Plaintiff alleges that Defendant Dicks' failure to act in a supervisory capacity violated his Eighth Amendment rights and denied him his right to equal protection.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). In this case, Plaintiff does not allege that he is a member of a suspect class. Accordingly, he has failed to state an equal protection claim under this theory.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose.

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

In his claim against Defendant Dicks, Plaintiff has not alleged that he is a member of an identifiable class, that he was intentionally treated differently from others similarly situated, or that there was no rational basis for any of the treatment he received in his allegations. Plaintiff has failed to state a cognizable claim for violation of the Equal Protection Clause against Defendant Dicks. Plaintiff's claim should be dismissed.

### B. Eighth Amendment

Plaintiff alleges that Defendant Dicks' failure to act in a supervisory capacity violated his Eighth Amendment rights, but does not specify what rights were violated.

It appears that Plaintiff is alleging that he was subjected to cruel and unusual punishment as a result of Defendant Dicks' failure to ensure that Plaintiff was fed on the evening of July 18, 2008. However, the deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Here, Plaintiff fails to make such an allegation and fails to state a cognizable Eighth Amendment claim resulting from his deprivation of a single evening meal on July 18, 2008.

### C. First Amendment

Defendant alleges that Defendant Dicks and Naranjo retaliated against him for filing a grievance report.

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff describes the adverse action as interference with his dinner on July 18, 2008. As the Court informed Plaintiff in its original screening order, Plaintiff's allegation that he was deprived of a single evening meal comporting with his religious beliefs constitutes, at most, minimal harm. Plaintiff now adds the claim that he experienced stomach cramping and additional stress as a result of being deprived of his evening meal. Such a pleading, which is taken as true at this stage of the proceedings, still fails to alleged a sufficiently adverse action. Certainly, the Court does not condone depriving an inmate of a meal. Moreover, the Court appreciates that loss of even one meal could, as alleged, cause some noticeable stomach symptoms and aggravation. However, reasonableness precludes a finding that such minimal and short-lived events could be said to constitute the sort of adverse action contemplated under the law. No case could be found allowing a Plaintiff to proceed with such a minor complaint. Plaintiff has failed to meet the first requirement for a retaliation claim.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

Plaintiff alleges that Defendant Naranjo and Dicks retaliated against him because of a grievance report he filed along with a group of other prisoners. He alleges that

1  Defendant Naranjo did not serve him a vegetarian dinner on July 18, 2008, because of the
2  report and that Defendant Dicks did not step in to ensure that Defendant Naranjo received
3  a dinner that evening.  Plaintiff has not shown that the grievance report was a substantial
4  motivating factor behind Defendants Dicks' actions.  Plaintiff has not alleged that
5  Defendant Dicks directly harmed him or that Defendant Dicks' actions were motivated by
6  his grievance report.

7  Plaintiff has alleged that the grievance report was a substantial motivating factor
8  behind Defendant Naranjo's actions because Defendant Naranjo directly denied Plaintiff
9  his meal around the same time that Plaintiff filed his grievance report.  Such pleading fails
10 to establish as against Defendant Dicks causation and motive sufficient to satisfy the
11 second prong of Plaintiff's retaliation claim based on allegations of interference with his
12 food.  It does establish causation and motive sufficient to satisfy the second prong of his
13 retaliation claim against Defendant Naranjo.

14 Filing a grievance is a protected action under the First Amendment.  Valandingham
15 v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is
16 also protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
17 1985).  Plaintiff has satisfied the third prong of the retaliation standard.

18 With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape
19 liability for a First Amendment violation merely because an unusually determined plaintiff
20 persists in his protected activity...."  Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d
21 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts
22 would chill or silence a person of ordinary firmness from future First Amendment activities.
23 Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).  Although
24 deprivation of nourishment is the type of act which certainly could chill or silence a person
25 of ordinary firmness, the Court is unable to find that taking away a single meal on one
26 occasion is such a deprivation as reasonably could be expected to cause a person to
27 refrain from exercising his constitutional rights.  Plaintiff cannot satisfy the fourth prong.
28 With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison

authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. This is not a high burden. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). Here, Plaintiff has stated that failing to feed him dinner on July 18, 2008, did not achieve a legitimate penological goal. Plaintiff has satisfied the fifth prong of a retaliation claim.

Plaintiff has failed to allege that the action taken against him in retaliation for exercising his constitutional rights was severe, or even significant, enough to constitute an adverse action or to discourage one from exercising his rights. Despite having been given an opportunity to replead the claim to satisfy previously-noted deficiencies, Plaintiff fails to allege a cognizable First Amendment retaliation claim against Defendants Naranjo or Dicks. The claim should be dismissed.

### D.   Prison Grievance Process

Plaintiff also alleges that Defendants Jones, Cano, and Hicinbontom failure to process his grievance report constitutes a violation of his Fourteenth Amendment right to equal protection and his First Amendment right to seek redress. However, the existence of a grievance process does not create a protected liberty interest entitling Plaintiff to a particular result or allowing Plaintiff to seek redress under the Constitution for the violation of any procedural protections set forth in the governing state regulations. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

Accordingly, Plaintiff has failed to state a claim under the First and Fourteenth Amendments against these Defendants due to the prison's failure to process his appeals through the prison grievance system. His claims against Defendants Jones, Cano, and Hicinbontom should also be dismissed.

### IV.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile. See

Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE for failure to state a claim. The Clerk shall close the case.

IT IS SO ORDERED.

Dated:   September 19, 2011              /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE